## CHICK et al. v. NEW ENGLAND TELEPHONE & TELEGRAPH CO.

District Court, D. Maine, S. D. December 26, 1929.

No. 1094.

Samuel Emery, of Portsmouth, N. H., for plaintiff.

Robert B. Williamson, of Augusta, Me., for defendant.

PETERS, District Judge. This was an action of trespass for going upon plaintiffs' property and establishing some telephone poles thereon, the plaintiff claiming that the activities of the defendant were not justified by a proper and legal condemnation of the right under the Maine statutes. The trial really involved the issue as to whether or not this court had jurisdiction, the defendant claiming that the amount in controversy was less than $3,000.

Section 24 of the Judicial Code, as amended, being section 41(1) of title 28 of the United States Code (28 USCA § 41(1), confers jurisdiction upon the United States District Courts in civil suits where the matter in controversy, exclusive of interest and costs, exceeds $3,000, and is between citizens of different states. Section 37 of the Judicial Code, being section 80 of title 28 of the United States Code (28 USCA § 80), provides that if, in any suit commenced in a District Court, it shall appear to the satisfaction of the court, at any time after the suit has been brought, that it does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court, it shall proceed no further therein, but shall dismiss the suit. Wilderman v. Roth et al. (C. C. A.) 17 F.(2d) 486. This court has no discretion in this regard, if the want of jurisdiction appears to its satisfaction

In the present case, the only amount or sum claimed to be due for damages mentioned in the writ is the ad damnum, which is put at $15,000. From the evidence produced at the trial it appears that the damage for the few poles erected on the plaintiffs' land must have been comparatively slight, at any rate much less than $3,000. I am satisfied that a verdict of more than $3,000 would have to be set aside by the court as not based on the evidence. The ad damnum of $15,000 is clearly colorable, and under the circumstances mentioned can and should be ignored.

It being apparent as a legal certainty that the plaintiffs could have no reasonable expectation of recovering so much as $3,000, exclusive of interest and costs, it follows that the court, having no jurisdiction, must dismiss the suit, and an order may be entered accordingly.